Karl WELDIN, t/a S.W.S. Tire Company, Defendant Below, Appellant,

v.

INDEPENDENT PETROLEUM DISTRIBUTORS, a Delaware Corporation, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted Oct. 24, 1979.

Decided Nov. 9, 1979.

Michael F. Tucker, Wilmington, for defendant below, appellant.

Elwyn Evans, Jr., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and McNEILLY and DUFFY, JJ.

PER CURIAM:

Plaintiff Independent Petroleum Distributors (Petroleum) brought suit in the Court of Common Pleas for money alleged due

from the purchase of gasoline by credit card by Karl Weldin, t/a S.W.S. Tire Company (Weldin). At trial, Petroleum sought to prove the debt through evidence of its computer records. This evidence was refused because Petroleum's witness was held not to qualify as "the custodian or other qualified witness" with appropriate knowledge of the records as required by 10 *Del.C.* § 4309(a).* Petroleum's motion for a continuance was denied.

On appeal, the Superior Court affirmed the disqualification of the witness, but reversed the denial of the motion for a continuance stating "[i]n a non-jury trial such as this was, the Court, in the interest of being just, should give a party a reasonable opportunity to improve the record rather than to preemptorily end the case on a technicality."

The issue before this court on plaintiff's motion to affirm pursuant to Rule 25(a) is whether it is manifest on the face of the appellant's brief that the appeal is without merit because the issue on appeal is one of judicial discretion and clearly there was no abuse of discretion by the Superior Court.

In cases such as this, the best, sometimes the only evidence of the debt is a computer record. Their legitimate use has been recognized in 8 *Del.C.* § 224.** We agree with the Superior Court that the offered witness could reasonably have been expected to qualify as a witness under 10 *Del.C.* § 4309(a). In light of the fact that it is the records which are offered to prove the debt and the witness is merely to verify the accuracy of the record keeping methods, we find the requirements of Rule 25(a) satisfied.

AFFIRMED.

---

* 10 *Del.C.* § 4309(a) provides:
"(a) The term 'business' includes every kind of business, profession, occupation, calling, or operation of institutions whether carried on for profit or not. A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

** 8 *Del.C.* § 224 provides:
"Any records maintained by a corporation in the regular course of its business, including its stock ledger, books of account, and minute books, may be kept on, or be in the form of, punch cards, magnetic tape, photographs, microphotographs, or any other information storage device, provided that the records so kept can be converted into clearly legible written form within a reasonable time. Any corporation shall so convert any records so kept upon the request of any person entitled to inspect the same. When records are kept in such manner, a clearly legible written form produced from the cards, tapes, photographs, microphotographs or other information storage device shall be admissible in evidence, and accepted for all other purposes, to the same extent as an original written record of the same information would have been provided the written form accurately portrays the record."